Commonwealth ex rel. Walizer, Appellant, *v.*
Walizer.

Argued October 4, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNING-
HAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Samuel Moyerman,* for appellant.

*John H. G. Quigley,* for appellee.

Opinion by Gawthrop, J., November 21, 1932:

On January 6, 1930, an order was entered by the municipal court of Philadelphia County directing defendant to pay his wife, appellant, $15 per week for the support of herself and their two minor children, who were of the age of thirteen and six years respectively. On March 9, 1931, the order was reduced to $12 per week for the support of the children alone, the husband and wife having been divorced on September 29, 1930. On June 1, 1932, after a hearing, the order was further reduced to $6 per week. On June 15, 1932, the wife filed a petition to have the order increased as of May 11, 1932. A hearing was held on July 29, 1932, and from the transcript of that proceeding it appears that the court was satisfied that the average earnings of defendant for the past twenty-eight weeks were $38 a week. At that time the children were in custody of the mother. Counsel for defendant raised the question of the fitness of the mother to have the continued custody of the children. Whereupon the court temporarily increased the former order to $9 per week, with the understanding that counsel for defendant should file a petition for a writ of habeas corpus for the purpose of having determined the question whether the mother was entitled to the continued custody of the children. The court stated that he made the order "temporarily," and indicated that upon a subsequent hearing he might increase it. He refused to make the order retroactive as of May 11th. The form of the order was: "Order temporarily increased to $9 a week; defendant to file writ of habeas corpus." From that order the wife brings this appeal.

The contention made in her behalf is that it is our duty to hold that the court abused its discretion in refusing to increase the order to at least $12 per week and in refusing to make the order retroactive. To this we cannot agree. The record convinces us that the

trial judge was in doubt as to the fitness of appellant to have the custody of the children. In view of the fact that the order was but a temporary one, pending a further investigation at an early date, we are not persuaded that the court below should be convicted of an abuse of discretion in making the order appealed from.

The order is affirmed.